# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

AMANDA MASON and AUSTIN )
MASON, )
           )
      **Plaintiffs,** )
           )
**v.** )      **Case No. 25-cv-418-JFH-GLJ**
           )
STATE FARM MUTUAL )
AUTOMOBILE INSURANCE )
COMPANY, and BRENT JENSON )
INSURANCE COMPANY, INC. )
           )
      **Defendants.** )

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs Amanda and Austin Mason's Motion for Remand. Plaintiffs instituted this action in state court in Okmulgee County, Oklahoma against the above-named Defendants. State Farm Mutual Automobile Insurance Company removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446. *See* Docket No. 2 ("Notice of Removal"). Plaintiffs now seek to have the case remanded to state court for lack of diversity jurisdiction. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 20. On February 13, 2026, this case was transferred from Senior District Judge Ronald A. White to Chief Judge John F. Heil, III. *See* Docket No. 28. For the reasons set forth below, the undersigned Magistrate Judge finds the

Plaintiffs' Motion for Remand and Brief in Support [Docket No. 15] should be GRANTED.

## Procedural History

Plaintiffs, Oklahoma residents, filed this action on September 19, 2025, in the district court of Okmulgee County, Oklahoma, in Case No. CJ-2025-181. Plaintiffs assert claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing and against Brent Jenson Insurance Company, Inc. ("Agent") for negligent procurement of insurance related to a damaged horse trailer. *See* Docket No. 2, Ex. 1.[1] On November 14, 2025, State Farm removed this action based on diversity jurisdiction because Plaintiffs are residents of the State of Oklahoma and it is a foreign insurance company incorporated in and with its principal place of business in the State of Illinois. *See* Docket No. 2, ¶¶ 2 & 3. Although Agent was formed under the laws of the State of Oklahoma and its principal place of business is Oklahoma, *see* Docket No. 2, Ex. 1, State Farm asserts Agent was fraudulent joined by Plaintiffs to defeat diversity jurisdiction and, therefore, Agent's domicile should not be considered for diversity jurisdiction purposes. *See* Docket No. 2, ¶¶ 4-14. Plaintiffs move to remand, asserting there is no diversity jurisdiction.

---

[1] Although the Petition fails to separately identify or articulate specific claims under separate counts against each defendant, *see* Docket No. 2, Ex. 2, State Farm's Notice of Removal assumes Plaintiffs are asserting breach of contract and bad faith breach of contract claims against it and negligent procurement against Agent, *see* Docket No. 2. The undersigned Magistrate agrees this is a reasonable reading of the Petition and proceeds on that presumption.

## Analysis

### I.      Legal Standard

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress.  *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs."  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982).  "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D.

Okla.  Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co.*, 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)).

## II.    Fraudulent Joinder

State Farm removed this action to federal court based on diversity jurisdiction. *See* Docket No. 2.  It is clear from the Petition and the Notice of Removal, however, that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2).  *See* Docket Nos 2, Ex. 1.  Defendant argues that diversity exists as Agent is improperly joined because there is no reasonable basis to believe Plaintiffs might succeed in their claim against it.

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. April 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)).

State Farm asserts Agent was fraudulently joined under the second prong.  In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove the plaintiff "ha[s] *no possibility* of recovery" against the nondiverse defendant.  2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added).  The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id.* at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)).[2]  Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand.  *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument.  *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).  However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."  *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

---

[2] *See, e.g.*, *Johnson v. State Farm Fire and Cas. Co.*, 2019 WL 5388521, at *2-3 (N.D. Okla. Oct. 22, 2019) (analysing the difference between the "no possibility of recovery" standard of *Montano* and the "reasonable basis" standard in *Nerad v. AstraZeneca Pharm*, 203 F. Appx. 911, 913 (10th Cir. 2006) and concluding that the "no possibility of recovery" standard in *Montano* is closely tracked by the reasoning in *Dutcher*, 733 F.3d at 988).

**Negligent Procurement of Insurance**

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). This duty rests, in part, on "specialized knowledge [about] the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d at 269). "To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id.* If an agent is not provided with pertinent information, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance does not extend" to create liability for unknown information. *Rotan*, 83 P.3d at 895. Oklahoma courts agree that an insurance agent does "not have a duty to advise an insured with respect to his insurance needs." *Id.*; *Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002).

Plaintiffs allege Agent "failed to provide the coverage that Plaintiffs sought, i.e., the Agen[t] failed to procure coverage as promised in placing a policy for less than the full replacement cost of the trailer." *See* Docket No. 2, Ex. 1 at ¶ 8. In affidavits attached to their Motion for Remand, Plaintiffs further allege that Amanda Mason "specifically

-6-

requested [Agent] to procure insurance coverage for the full replacement value of the horse trailer subject of the lawsuit" and that they believed the policy the Agent "procured was for full replacement value" of the horse trailer. *See* Docket No. 15, Exs. 1 & 2, ¶¶ 2 & 3. Plaintiffs further allege they were never provided with a copy of the policy by State Farm or Agent. *See* Docket No. 2, Ex. 1, ¶ 9; Docket No. 15, Exs. 1 & 2, ¶ 8. After the trailer was damaged, State Farm informed Plaintiffs it would not pay replacement value. *See* Docket No. 15, Exs. 1 & 2, ¶ 7.

State Farm first argues Plaintiffs have no possible claim against Agent for negligent procurement because Plaintiffs do not plead any damages attributable to the Agent to support causation. Specifically, State Farm argues that any injury to Plaintiffs is the result of its decision to deny the claim as part of its investigation and evaluation of the claim. While that is true for Plaintiff's breach of contract and bad faith breach of contract claims, Plaintiffs assert an independent claim against Agent. Under the negligent procurement claim, Agent could be liable for failure to provide "the coverage for needs that are disclosed by the insureds" *Rotan*, 83 P.3d at 895. In their claim against Agent, Plaintiffs' damages would be the difference between what the actual policy pays and what the policy Plaintiffs allege they requested and believed they received would have paid on the claim. Thus, damages under such a claim are not dependent upon State Farm breaching the contract, but instead on the insurance not being procured as requested and, as a result, Plaintiffs receiving less for the damaged horse trailer under the policy actually provided to them. *See Swickey*, 979 P.2d at 269.

State Farm next argues Plaintiffs cannot state a claim against Agent because it does not offer a "full replacement cost" policy for automobiles or horse trailers. State Farm further argues that because Plaintiffs have a duty to read the policy, they are charged with knowledge of its terms and they are bound by the terms of their policy.

First, there is no record evidence supporting State Farm's assertion in the Notice of Removal or Response to the Moton for Remand that it does not offer the type of policy Plaintiffs requested from Agent. *See*, *e.g.*, *FITn40, LLC v. Glanbia Nutritionals (Ireland) Ltd*, 2022 WL 79910, at *9 (D. Utah Jan. 7, 2022) ("The Court will not consider statements appearing only in a brief that are not supported by reference to the pleadings or other evidence in the record") (citing *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)). Moreover, even if true, the fact State Farm does not offer the policy Plaintiffs requested does not address Plaintiffs' allegation that they made such a request to Agent and they "believed" that they had in fact received such a policy. As noted above, although Agent did not have an affirmative duty to advise Plaintiffs regarding their insurance needs, Agent can be liable for failure to deliver the insurance coverage specifically requested or, as potentially in this case, the failure to inform Plaintiffs the coverage they requested is not available. *See Swickey*, 979 P.2d at 268. While Plaintiffs' allegations in their Petition were minimal on this point, their affidavits attached to the Motion for Remand add some additional facts. *See*, *e.g.*, *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) ("'[F]ederal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'") (quoting *Smoot*, 378 F.2d at 881–82).

Second, State Farm's argument that Plaintiffs are estopped from disputing the terms of their policy because they are charged with knowing and understanding the policy's terms is not clear under Oklahoma law. As an initial matter, Plaintiffs allege they never received the policy and, thus, could not have read its provision to be bound by them. *See* Docket No. 2, Ex. 1, ¶ 9; Docket No. 15, Exs. 1 & 2, ¶ 8. Moreover, "[t]he Tenth Circuit has stated '[u]nder Oklahoma law, an insured has no duty to read his written policy and notice discrepancies between it and previous representations of a soliciting agent.'" *Adair v. State Farm Fire and Cas. Co.*, 2025 WL 1263128, at * 4 (W.D. Okla. May 1, 2025) (quoting *Bus. Interiors, Inc. v. Aetna Cas. & Sur. Co.*, 751 F.2d 361, 364 (10th Cir. 1984)). Furthermore, "an insured may rely upon an agent's representations regarding a policy regardless of whether the insured read the policy at issue." *Id*. (citing *Downing Trucking, Inc. v. Cline Wood Agency*, 2007 WL 2816200, at *4 (W.D. Okla. Sept. 26, 2007) (concluding that a negligence claim against an agent survived summary judgment and stating that "an insured can assume the policy of insurance conforms to his agreement with the agent regardless of whether the policy was read")).

As a result, there are questions of fact as to whether Plaintiffs received and could be bound by the Policy terms, and there are ambiguities of Oklahoma law as to the effect of any such failure or Plaintiff's obligation to read the policy. Where uncertainty regarding the viability of Plaintiffs' claim against the nondiverse party exists as well as "ambiguities in the controlling law," the matter must be resolved in favor of remand. *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*,

-9-

733 F.3d at 988 (discussing the removing party's "heavy burden"). Accordingly, the undersigned Magistrate Judge concludes that State Farm not offering a replacement policy for horse trailers or any alleged failure of Plaintiffs to read their policy does not create a "complete certainty" that Plaintiffs have no possibility of recovery against Agent. *See Smoot*, 378 F.2d at 882.   Therefore, the matter should be remanded to State court.

### III.    Attorney's Fees

In their Motion for Remand, Plaintiffs reserve the right to request attorney's fees in the event the Motion for Remand is granted.  "In deciding whether to award costs under [28 U.S.C.] § 1447(c), the key factor is the propriety of defendant's removal.  The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005) (citations omitted).  Under 28 U.S.C. § 1447(c), "if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate." *Id*.  Given the complex and nuanced nature of the law in the relevant area of an insurance agent's duty to policy holders and whether the insureds are obligated to read the policy, the undersigned Magistrate Judge does not find that State Farm's arguments as to fraudulent joinder were unfounded.  Although the undersigned Magistrate Judge finds that State Farm has not shown Plaintiffs' claim against Agent is not possible, it is far from clear whether Plaintiffs' claim against Agent will survive as a matter of law.  Thus, the undersigned

Magistrate Judge recommends that any future request by Plaintiffs for attorney's fees be denied.

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiffs' Motion for Remand and Brief in Support [Docket No. 15] should be GRANTED for lack of subject matter jurisdiction. The undersigned Magistrate Judge further recommends the case be remanded to the District Court of Okmulgee County, in the State of Oklahoma. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 26th day of February, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**